R.B-H. v N.L. (2024 NY Slip Op 51657(U))

[*1]

R.B-H. v N.L.

2024 NY Slip Op 51657(U)

Decided on December 6, 2024

Supreme Court, New York County

Chesler, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 6, 2024
Supreme Court, New York County

R.B-H., Plaintiff,

against
N.L., Defendant.

Index No. XXXXX

Counsel for Plaintiff:
Gassman Baiamonte Gruner, PC
666 Old Country Road
Garden City, NY 11530
By: Stephen J. Gassman, Esq. 
Counsel for Defendant: 
Aronson Mayefsky & Sloan LLP
12 E 49th Street, Floor 32
New York, NY 10017
By: Alan E. Mayefsky, Esq. & Elizabeth A. Harvell, Esq.

Ariel D. Chesler, J.

The Wife moves by order to show cause seeking: (a) upward modification of her pendente lite unallocated support award; and (b) a direction that the Husband pay Marcum LLP the sum of $97,377.09. The Husband opposes. Oral arguments on this fully submitted motion sequence were held on December 5, 2024.
The Wife principally argues that her expenses have increased during this litigation, and she requires an upward modification because of the increased cost of living, the parties' children's expenses and the Husband's alleged dilatory tactics in this proceeding. The Wife argues she is "drowning in credit card debt and loans" and that she "cannot enjoy proper vacations with the Children." As it relates to professional fees for Marcum, the Wife argues there is an outstanding balance due of $97,377.09 that Marcum requires be paid to continue to work.
The Husband argues in response first that the Wife fails to fully articulate the extent of her pendente lite support award because it requires the Husband to pay far more expenses than just an unallocated support amount. The Husband specifically points to his requirements in addition to his support obligation of paying the rental costs of the Wife, health insurance for the entire family, the Wife's utilities, and tuition expenses for the Children's education. He further elaborates that in fact the Wife is receiving higher support than originally ordered at the time of the pendente lite order because all of the expense she is responsible for have increased since the Order, including the Wife's rent, utilities, and that he is now paying room, board, tuition, and the Children's allowances, and other expenses such as tutors and college advisors.
A central argument raised at oral argument by the Husband's counsel was that this unallocated support award is meant to cover not only spousal support but also child support and that any upward modification would be inappropriate as the two of the parties' Children currently now reside at and attend college; thus, resulting in reduced child related expenses contrary to the Wife's argument that her child related expenses have increased. With the two children in college, the Husband has begun paying, in addition to his support, room, board and tuition. Both parties claimed that they are paying their Children allowances.
The First Department's rule as it relates to modifications of pendente lite support awards is well-established and has been recently affirmed. "In general, an aggrieved party's remedy for any perceived inequities in a pendente lite award is a speedy trial." (Wolinsky v Berkowitz, 227 AD3d 433, 433 [1st Dept 2024]; see also, Anonymous v Anonymous, 63 AD3D 493, 497 [1st Dept 2009], lv dismissed 14 NY3d 921 [2010]). To avoid this rule, the party seeking modification bears the heavy burden of demonstrating "exigent circumstances necessitating a different award" or "that the motion court failed to consider appropriate factors or erred in its calculation." (Berkowitz, supra at 433; see Kohli v Tewari, 216 AD3d 512, 513 [1st Dept 2023] ["We decline to disturb the pendente lite award, as there has been no showing of exigent circumstances"]; Anonymous v Anonymous, 167 AD3d 527, 527 [1st Dept 2018]). Here, the Wife has failed to show exigent circumstances. It is also notable that the parties stipulated to the unallocated support amount. Accordingly, as this Court is bound to follow the speedy trial rule and the Wife's request for an upward modification must be DENIED. (See generally, Torres v Torres, 171 AD3d 613, 614 [1st Dept 2019]).
The Wife's request as it relates to payments to Marcum has been resolved already by this Court's October 2, 2024, Interim Order which directed, inter alia, that the Husband shall pay the outstanding balance due to Marcum upon their completion of their expert report. It is undisputed that the report is currently not finished; thus, the Husband's obligation to pay the outstanding bill has not yet become operative under the Interim Order. Accordingly, the relief sought by the Wife has already been resolved by this Court and is thus DENIED without prejudice.
Nonetheless, the Husband's obligation to remit payment stands and if he fails to tender payment as directed, the Wife may seek her relief again. Moreso, given the counsel fee awards and previous contempt findings in this matter, it is the Court's hope the Wife need not be forced to resort to additional motion practice to achieve compliance with this Court's Interim Order.
 CONCLUSION
Based on the foregoing it is hereby:
ORDERED, that the Wife's Order to Show Cause is DENIED as detailed herein.
Decision date: December 6, 2024